United States District Court
Southern District of Texas
**ENTERED**
October 01, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GROGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-03337 |
| | § | |
| HERMANN BUSS GMBH & CIE KG, | § | |
| HERMANN BUSS GMBH & CO. KG | § | |
| MS "EMS TRADER," MS | § | |
| "EMS TRADER" SCHIFFAHRTS UG | § | |
| (HAFTUNGSBESCHRÄNKT) & CO. KG, | § | |
| and LIBERTY BLUE | § | |
| SHIPMANAGEMENT GMBH & CO. KG, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

In September of 2019, Plaintiff Michael Grogan slipped and fell on the deck of a vessel while working aboard. He suffered injuries to his lower back and ankle as a result of the fall. Grogan sued several Defendants. One of those Defendants, Hermann Buss GmbH & Cie KG ("Hermann Buss"), has moved to dismiss arguing that it is not a proper party to this litigation. (Dkt. No. 49). While Grogan does not dispute that Hermann Buss is an improper party, Grogan argues that Hermann Buss should nevertheless remain in this case until the proper Defendants formally join the lawsuit. (Dkt. No. 50). After careful consideration, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

I.  **BACKGROUND**[1]

After suffering a slip-and-fall injury while working on the top deck of a vessel named the "EMS Trader,"[2] Michael Grogan brought suit against Seaboard Marine, Ltd.[3] (Dkt. No. 1 at 1–2). He later amended his pleadings to name Hermann Buss as an additional defendant on the basis that it "owned, chartered and/or operated" the EMS Trader, the ship on which he was assigned to work. (Dkt. No. 17 at 2). Hermann Buss moved to dismiss Grogan's First Amended Complaint, asserting that Grogan had sued the wrong party. (Dkt. No. 42 at 1–2). Hermann Buss explained that while it had previously served as the vessel's technical manager, that relationship ended on December 31, 2016—over two years and eight months before Grogan's alleged September 2019 incident. (*Id.*). Hermann Buss stated that beginning January 1, 2017, its technical management responsibilities were contractually transferred to Liberty Blue Shipmanagement GmbH & Co. KG ("Liberty Blue"). (*Id.* at 3). Hermann Buss identified the actual owner of the ship as Hermann Buss GmbH & Co. KG MS "EMS TRADER" ("HB-EMST"). (*Id.* at 2). While the names might be confusing, Hermann Buss GmbH & Cie KG—the movant—is a separate and distinct entity from Hermann Buss GmbH & Co. KG MS "EMS TRADER," and it is the latter—HB-EMST—that owned the vessel at issue.

---

[1] For purposes of addressing this Motion, the Court accepts all factual allegations in the complaint as true and views them in the light most favorable to Grogan. *See White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021).

[2] Grogan's original complaint alleged that the vessel was named "Seaboard," but his first and second amended complaints both stated that the vessel was named "EMS Trader." *Compare* (Dkt. No. 1 at 2) *with* (Dkt. No. 17 at 2) and (Dkt. No. 47 at 4).

[3] Since the filing of the pending Motion to Dismiss, Defendant Seaboard Marine, Ltd. Inc. has been dismissed from this lawsuit.

2

(*Id*.). To further complicate matters, Hermann Buss explains that on June 27, 2017, HB-EMST was renamed as MS "EMS Trader" Schiffahrts UG (haftungsbeschränkt) & Co. KG ("MS-SUG"). (*Id*. at 4).

Having considered Hermann Buss's first motion to dismiss, the Honorable Lynn Hughes permitted Grogan to amend his complaint. (Dkt. No. 46). Grogan did so, and his Second Amended Complaint named as Defendants: 1) HB-EMST (the owner of the vessel, under its former name), 2) MS-SUG (the owner of the vessel, under its new name), 3) Liberty Blue, (the management company), and 4) Hermann Buss. (Dkt. No. 47 at 1). Now, Hermann Buss again moves to dismiss, emphasizing that it is an improper party. (Dkt. No. 49 at 1–2). The case has since been reassigned to the undersigned, and the Court now turns to the merits of the Motion.

## II.   LEGAL STANDARD

### A.   RULE 12(B)(2)

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for lack of personal jurisdiction. The plaintiff bears the burden of making a prima facie showing of personal jurisdiction. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). A federal court may exercise personal jurisdiction over a non-resident defendant when: 1) the long-arm statute of the forum state confers personal jurisdiction over that defendant, and 2) the exercise of personal jurisdiction is consistent with federal due process. *Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 644 (5th Cir. 2004).

Personal jurisdiction can be general or specific. A court has general jurisdiction over a non-resident defendant if that defendant's contacts with the state are so continuous

and systematic "as to render [that defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S.Ct. 746, 754, 187 L.Ed.2d 624 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011)). This test "is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001). Specific jurisdiction, on the other hand, exists when the non-resident defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (quoting *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (per curiam). While the defendant's contacts "must be more than random, fortuitous, or attenuated, or of the unilateral activity of another party or third person," even isolated or sporadic contacts can create specific jurisdiction "so long as the plaintiff's claim relates to or arises out of those contacts." *ITL Intern., Inc. v. Constenla, S.A.*, 669 F.3d 493, 498–99 (5th Cir. 2012) (cleaned up).

    B.    **RULE 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than ... 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The defendant, as the moving party, bears the burden of proving that no legally cognizable claim for relief exists. *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2 (S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "Dismissal ... is appropriate where the plaintiff fails to allege 'enough facts to state a claim to relief that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

## III. DISCUSSION

In this instance, the point of contention between Grogan and Hermann Buss is not whether Hermann Buss is a proper party in this litigation, but rather whether Hermann Buss should be dismissed as a defendant *despite* being an improper party. (*See* Dkt. Nos. 49, 50).

Hermann Buss argues that because it has offered proof that its involvement with the vessel comfortably pre-dated Grogan's incident, and since Grogan does not dispute its account of who the actual proper defendants are, the Court should dismiss Hermann Buss as an improper defendant in this litigation. (Dkt. No. 45); (*see also* Dkt. No. 42). Hermann Buss asserts that dismissal is not "contingent upon a novel requirement that the other new defendants 'formally join the lawsuit' and confirm 'that they are the proper Defendants.'" (Dkt. No. 49 at 2).

Grogan responds that while Hermann Buss has stated that it is not the proper party, and Grogan does not disagree, Hermann Buss should not be released until the newly-named defendants appear in this litigation and until Grogan can verify that any or all of them are the correct defendants. (Dkt. No. 47 at 3). According to Grogan, if the newly-named defendants turn out to be improper and further developments give reason to believe that Hermann Buss was actually proper all along, this back-and-forth of dismissing Hermann Buss and then amending to include it would be inefficient. (Dkt. No. 50 at 3–4). Put simply, Grogan's position is essentially that while he may well have the wrong corporate entity, the Court should not dismiss the likely-wrong entity until the

6

likely-correct entities appear. He takes no issue with dismissing Hermann Buss once that happens. (*Id.* at 3). But that's not how this works.

The Court agrees with Hermann Buss that Grogan's proposal for how the Court should treat Hermann Buss is without merit. Grogan's novel theory of contingent dismissal is presented without any legal support, (*see* Dkt. Nos. 47, 50), and this Court likewise finds none. Finding no basis in the law to justify Hermann Buss's forced participation at this point in the litigation, the Court proceeds to the merits of the Motion on traditional 12(b)(2) and 12(b)(6) grounds. "Before ruling on the merits of the case, it is imperative that the court first determine whether it has jurisdiction to hear the suit; if jurisdiction is lacking, then the court has no authority to consider the merits." *Cook v. Reno*, 74 F.3d 97, 99 (5th Cir. 1996). Accordingly, the Court will first assess whether the Court can exercise personal jurisdiction over Hermann Buss before turning to the legal sufficiency of the pleadings against it.

### A. PERSONAL JURISDICTION

The Court may exercise personal jurisdiction over Hermann Buss by way of either general jurisdiction or specific jurisdiction. As an initial matter, Grogan's Complaint does not present a prima facie case that this Court has personal jurisdiction over Hermann Buss. (*See* Dkt. No. 47). Upon review, the Court lacks both general and specific jurisdiction on the face of the complaint.

#### 1. General Jurisdiction

It is undisputed that Hermann Buss is a foreign company based in Leer, Germany, where its principal place of business is located. (Dkt. No. 42 at 12–13). Hermann Buss is

not registered to do business in Texas and has neither officers nor an agent for service of process in Texas. (*Id.* at 13). Grogan has offered nothing to indicate that Hermann Buss is at home in Texas or that its contacts with Texas are so continuous and systematic as to render it essentially at home. *See Daimler AG*, 571 U.S. at 127, 134 S.Ct. at 754. This Court therefore lacks general jurisdiction over Hermann Buss.

### 2. Specific Jurisdiction

As discussed, any relationship between Hermann Buss and the vessel at issue was terminated as of January 1, 2017, and Grogan's alleged incident occurred in September 2019. (Dkt. No. 42 at 1–2). Whatever contacts may have been directed at the State of Texas that resulted in Grogan's claim, those contacts were not Hermann Buss's contacts. Because Grogan's claim does not arise out of Hermann Buss's contacts, this Court lacks specific jurisdiction over Hermann Buss.

As a result, the Court lacks personal jurisdiction in this case and Hermann Buss's motion to dismiss on this basis is granted. The Court will not reach the 12(b)(6) issues as a result.

## IV.   CONCLUSION

In light of the foregoing, Defendant Hermann Buss's Renewed Motion to Dismiss Plaintiff Grogan's Complaint, (Dkt. No. 49), is **GRANTED IN PART AND DENIED IN**

**PART**. All claims against Hermann Buss are dismissed **WITHOUT PREJUDICE**,[4] and Hermann Buss is hereby dismissed from this suit.

It is SO ORDERED.

Signed on September 29, 2023.

*(signature)*
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[4] A dismissal for lack of personal jurisdiction is not a dismissal on the merits and must therefore be without prejudice. *See generally Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 317 (5th Cir. 2020).